# Carla S. Covey

| | |
|---|---|
| **From:** | Jeff Jones [admin@mycorpagent.com] |
| **Sent:** | Monday, April 06, 2015 7:32 PM |
| **To:** | Carla S. Covey |
| **Subject:** | Original Summons in re Sherry Prickett vs. Sashay Corporate Service, Inc. |
| **Attachments:** | 20150406 Sashay Corp.Svc - Summons & Pet re Sherry Prickett.pdf |

Carla,

We received the attached correspondence today as registered agent for Sashay Corporate Service, Inc. via certified mail today. Will you please confirm your receipt of this email and the attachment by responding? Also, please let me know if you would like the original document.

Sincerely,

Jeff S. Jones
CorpAgent Services, Inc.
405-701-8802
405-360-3301 (fax)
admin@mycorpagent.com

CONFIDENTIALITY NOTICE: This electronic mail transmission, and any attachments, contains information that is confidential and/or legally privileged. The information belongs to the sender and is intended only for the use of the person or entity to whom it is addressed. If you are not the named recipient, you are hereby notified that taking, copying or disclosing this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 405-360-2282 to arrange for the return of the message and any attachments. Thank you.

DOCUMENT COMPATIBILITY DOWNLOAD: If you are unable to open the attached Microsoft Word document, please click on the provided link to download the Microsoft Compatibility Pack. Word 2000, Word XP and Word 2003 require that this compatibility pack be installed prior to opening a Word 2007 or 2010 document.



EXHIBIT 1

Smolen | Smolen | Roytman
701 S. Cincinnati Ave. Tulsa, OK 74119
www.ssrok.com

CERTIFIED MAIL

7014 2870 0001 2703 8167

UNITED STATES POSTAGE
PITNEY BOWES
$006.69⁰
02 1P
0001040389 APR 01 2015
MAILED FROM ZIP CODE 74119

Sashay Corporate Service, Inc.
d/b/a Automated Mail Service, Inc.
c/o Corporate Service, Inc.
2401 Tee Circle, Ste. 103
Norman, OK 73069

7306385207 0035

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SHERRY PRICKETT, an individual </br></br>Plaintiff, </br></br>vs. </br></br>SASHAY CORPORATE SERVICE, INC., </br>d/b/a AUTOMATED MAIL SERVICE, INC., </br>a Domestic For Profit Business Corporation </br></br>Defendant. | Case No. **CJ-2015-01227** </br></br></br></br></br>ATTORNEY LIEN CLAIMED |

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Sashay Corporate Service, Inc.
d/b/a Automated Mail Service, Inc.
c/o Corporate Service, Inc.
2401 Tee Circle, Ste. 103
Norman, OK  73069

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this ___30___ day of ___3___, 2015

County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on _____

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

Return ORIGINAL for filing.
## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2015, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2015, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2015. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2015.
                         By:

                         Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

                         Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of ____, 2015.
My Commission Expires: _____
       Seal                   Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2015, and receipt thereof on the dates shown:

| Defendant Receipted | Address Where Served | Date |
|---|---|---|
| | | |

                         Signature of person mailing summons

DISTRICT COURT
F I L E D
MAR 30 2015
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

SHERRY PRICKETT, an individual )
)
    Plaintiff, )
) Case No. CJ-2015-01227
vs. )
) ATTORNEY LIEN CLAIMED
SASHAY CORPORATE SERVICES, LLC, ) DANA LYNN KUEHN
d/b/a AUTOMATED MAIL SERVICE, )
a Domestic Limited Liability Company, )
)
    Defendant. )

## PETITION

COMES NOW the Plaintiff, Sherry Prickett, by and through her attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against Defendant, Automated Mail Service, Inc., for violation of her constitutionally protected rights arising out of her employment and termination by said Defendant.

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a resident of Tulsa County, State of Oklahoma.

2.    Defendant Sashay Corporate Services, LLC, d/b/a Automated Mail Service, is a domestic limited liability company regularly conducting business in Tulsa County, State of Oklahoma, and employs more than fifteen (15) people.

3.    The incidents and occurrences that form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

4.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on sex. A Notice of Right to Sue was received by Plaintiff, and this Petition has been filed within

ninety (90) days of the receipt of said Notice. As such, all conditions precedent to the filing of this lawsuit are fulfilled.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

6. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.* ("Title VII"), providing for relief against discrimination in employment on the basis of gender.

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff incorporates as if realleged the preceding paragraphs.

10. Plaintiff was hired by Defendant on January 1, 1986 as a mail clerk.

11. Plaintiff was a faithful and diligent employee throughout her employment, and never received formal discipline from the Defendant.

12. Plaintiff has constantly observed men violate, without punishment, the same rules and policies for which women are harshly disciplined. For example, Defendant had a no-smoking policy, but men constantly smoked without repercussion, while women were disciplined.

13. Plaintiff observed that there is a disparity of pay between men and women, with male employees receiving higher pay than women employees holding the same or similar positions. Furthermore, despite the fact that the Plaintiff was an outstanding employee with the Defendant's company, the Plaintiff never received a raise in the past ten (10)

years, while other less qualified men were receiving raises. Plaintiff was consistently paid less than her male counterparts.

14. Plaintiff has been subjected to a hostile work environment as a result of being treated unfairly by the Defendant. Plaintiff has been humiliated, singled out from her male coworkers, mocked on the job, and had her actions scrutinized to a higher degree than her male coworkers.

15. The Plaintiff's unfair treatment was compounded by her supervisor Matthew Allen's disrespectful treatment. On one occasion, Mr. Allen demanded that the Plaintiff needed to come in to work overtime the day before he expected her to for the shift. When the Plaintiff informed Mr. Allen that she was caring for her bedridden, terminally-ill father, he mocked her for requesting the day off. In his role as her supervisor, Mr. Allen reminded the Plaintiff of the fact that she made this request even after her father had passed away.

16. Due to the Defendant's unequal treatment of the Plaintiff and the disrespectful behavior that she was systematically subjected to during the term of her employment with the Defendant, Plaintiff ended her employment with the Defendant. She was constructively discharged from employment with Defendant on October 7, 2013.

17. Plaintiff believes that the disparate treatment she suffered was discriminatory based on her sex.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON GENDER (TITLE VII)

18. Plaintiff incorporates the preceding paragraphs as if realleged.

19. Plaintiff's constructive discharge was a direct result of the Defendant's discriminatory application of work policies and practices. These employment practices

resulted in the disparate treatment of female employees working for the Defendant. Male employees were given preferential treatment with regard to compensation, raises, and the application of the Defendant's own employment policies and practices.

20.  By treating the Plaintiff differently than similarly situated male employees, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION BASED ON GENDER IN VIOLATION OF THE OADA
## 25 O.S. § 1301 *et seq*

21.  Plaintiff incorporates the preceding paragraphs as if realleged.

22.  By terminating Plaintiff's employment for engaging in the same conduct in which her male counterparts engaged without punishment, the Defendant has violated the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1301, *et seq*.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## HOSTILE WORK ENVIRONMENT (TITLE VII)

23.  Plaintiff incorporates the preceding paragraphs as if realleged.

24. The conduct of Plaintiff's supervisors and coworkers toward Plaintiff, combined with egregiously disrespectful conduct on behalf of her supervisor Mr. Allen, was so severe and pervasive that they altered the conditions of employment and created a hostile working environment.

25. By subjecting Plaintiff to a hostile work environment and failing to ensure a non-hostile work environment and ultimately constructively discharging Plaintiff from employment with Defendant, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff incorporates the preceding paragraphs as if realleged.

27. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

28. The Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management;
    d. Her attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN PLLC**

Daniel E. Smolen (OBA#19943)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff